### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WASHINGTON D.C. CEMENT MASONS WELFARE FUND, <u>et al.</u> | : | |
| | : | |
| v. | : | Civil No. WMN-08-3434 |
| | : | |
| RAPID RESPONSE CONSTRUCTION, Inc., <u>et al.</u> | : | |

### <u>MEMORANDUM</u>

Pending before the Court are two motions: (1) a motion to compel filed by Plaintiffs the Washington, D.C. Cement Masons Welfare Fund, the Washington, D.C. Cement Masons Pension Fund, the Washington, D.C. Cement Masons Apprenticeship and Training Fund (collectively, the "Plaintiff Trust Funds"), Keith Hickman, and Larry Moyer, Paper No. 20; and (2) a motion to enlarge time, <u>nunc pro tunc</u>, for discovery responses filed by Defendants Rapid Response Construction, Inc. (Rapid), Michael Bryant, and Edna Howerton (collectively, "Rapid Defendants"). Paper No. 24. The motions are fully briefed. The Court finds no hearing is necessary, Local Rule 105.6, and that Plaintiffs' motion will be granted and Defendants' motion will be denied.

This case arises out of a decision by the Honorable Alexander Williams, Jr. of this Court finding that Defendant Rapid was liable under ERISA § 515, 29 U.S.C. § 1145, for failing to make timely contributions to the Plaintiff Trust Funds. <u>Washington, D.C. Cement Masons Welfare Fund, et al. v.</u>

<u>Rapid Response Construction, Inc.</u>, No. AW-04-1090 ("Previous Litigation").  Along with this decision, Judge Williams issued a judgment in favor of Plaintiffs and against Defendant Rapid in the amount of $90,411.09.  Judge Williams also granted Plaintiffs $57,670.00 in attorneys' fees and expenses pursuant to ERISA § 502(g).

Despite Judge Williams' rulings, Defendant Rapid did not satisfy the Court's judgment and Plaintiffs never collected any portion of this judgment.  Accordingly, on May 29, 2008, Judge Williams issued an Order Enforcing Plaintiffs' Judgment.  In that Order, Judge Williams granted Plaintiffs post-judgment interest on the amounts already awarded, as well as an amount of post-judgment interest for every five-day period from May 14, 2007 until the judgment was satisfied.[1]  Since the May 29, 2008 Order Enforcing Judgment, Defendant Rapid has again failed to satisfy the Court's judgment and Plaintiffs have been unable to collect any portion of that judgment.

On December 22, 2008, Plaintiffs filed this Complaint[2] alleging that Defendant Rapid has continued in its failure to timely report the work performed by its covered employees.  The

_____

[1] Plaintiffs were also granted an additional sum in attorneys' fees and costs incurred in seeking to enforce their judgment.

[2] The Complaint was amended on June 11, 2009, to remedy any confusion as to the correct name of Defendant Celestial Concrete Construction, LLC.

Complaint also alleges that Defendant Rapid acts as an alter ego with other entities and that Rapid has not reported the work by covered employees of any of those entities.  Finally, under the theory of piercing the corporate veil, Plaintiffs seek to impose personal liability on Defendants Howerton and Bryant – the sole shareholders of Rapid.

In response to Plaintiffs' Interrogatories and Document Requests, Defendants have stood on their objections and refused to produce answers, or have provided incomplete answers to a number of interrogatories and have refused to produce all responsive documents.  Plaintiffs now ask the Court to compel Defendants to provide complete answers and documents in response to Plaintiffs' Interrogatories and Document Requests.

In support of their motion, Plaintiffs first argue that Defendants have waived any objections by failing to respond to Plaintiffs' discovery requests within the 30 days allotted under Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  Under the Federal Rules of Civil Procedure, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); see also Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 364 ("Rule 33(b)(4) . . . cautions that 'any ground not stated in a timely objection is waived, unless the court, for good cause, excuses

3

the failure' . . . .   The same is true for . . . objections to
[a party's] document production requests.").   Plaintiffs'
discovery requests were served on Defendants' counsel on April
14, 2009.   Under the Federal Rules of Civil Procedure,
Defendants' discovery responses were due no later than May 14,
2009.   Defendants, however, did not ship their discovery
responses until May 21, 2009 and those responses were received
by Plaintiffs' counsel on May 26, 2009.   Defendants' objections
were first raised along with the untimely discovery responses.

Defendants attempt to justify their untimely objections by
pointing to a May 5, 2009, letter in which Defendants' counsel
stated that he expected "to have all non-objectionable documents
in [his] Annapolis office and available for copying, on or about
May 18, 2009" and "at least the unsigned answers to
interrogatories completed by later that week."   Mot., Ex. 13.
Defendants treat this letter as a request for additional time
and cite to the Local Rules of this Court for the proposition
that "[a] request for additional time . . . should not be
unreasonably refused."   Plaintiffs' refusal to accept discovery
objections served seven days late, Defendants argue, is "totally
unreasonable."   Opp'n at 7-8.   Plaintiffs, however, did not
refuse to accept the alleged request for an extension, but
advised Defendants' counsel that Plaintiffs' counsel was "happy

4

to accommodate your request to grant an extension until May 18,

2009, subject to certain conditions." Mot., Ex. 2 at 1. One of

these conditions was that Plaintiffs' counsel "receive, no later

than May 20, 2009, all documents responsive to Plaintiffs' First

Request for Documents, either in paper or electronic format."[3]

Id. at 1-2. Defendants' counsel did not respond to this letter.

    Rather than being made available on May 18th as originally

promised by Defendants, or even received by May 20th as

Plaintiffs requested, Defendants responses were not submitted

until May 21, 2009, at the earliest, and were not received until

May 26, 2009. Moreover, Defendants never advised Plaintiffs

that Defendants' objections would not be timely served. Instead

all correspondence from Defendants' counsel related to the

production of discovery responses, not objections. Accordingly,

the Court finds that Defendants have waived any objections to

Plaintiffs' Interrogatories and Discovery Requests. For the

same reasons, the Court will also deny Defendants motion to

enlarge time, nunc pro tunc, for discovery responses.

---

[3] The other two conditions which Plaintiffs' counsel sought to
impose upon Defendants' counsel were: (1) that Defendants'
counsel accept as timely discovery responses served within 4
days of a June 2, 2009, deposition date proposed by Defendants'
counsel and which would otherwise be outside of the discovery
period; and (2) that Defendants' counsel send Defendants'
discovery response to Plaintiffs' counsel instead of requiring
Plaintiffs' counsel to travel to Annapolis to copy Defendants'
responsive documents. Mot., Ex. 2 at 1-2. The pleadings do not
indicate whether these requests were ever fulfilled.

Even if Defendants had submitted their objections in a timely manner, most, if not all, of Defendants' objections are improper.[4]  First, Defendants claim that "those interrogatories that replicate the discovery propounded in aid of execution of the previous judgment are nothing more than vexatious and harassing."  The mere fact that an interrogatory may have been asked and answered in a separate litigation matter does not excuse Defendants from responding in this case.  Defendants may, if they wish, attached their previous answers and refer to those answers in responding to interrogatories, but they cannot simply ignore the questions.  Furthermore, the previously answered interrogatories to which Defendants refer were only propounded as to Defendant Rapid.  The Interrogatories in this case were propounded as to Defendants Rapid, Howerton, and Bryant.  Finally, in many of the instances in which Defendants raised this objection, the topic of the Interrogatories was not an issue in the Previous Litigation.

---

[4] The only specific objections which Defendants stand on in their Opposition are those which relate to Interrogatories and Requests "directed solely to assets of and/or payments to Howerton and/or Bryant" and those which "replicate the discovery propounded in aid of execution of the previous judgment."  Opp'n at 5.  Because Defendants fail to respond to the rest of the arguments raised in Plaintiffs' motion to compel, and because the Court has already determined that Defendants' waived their objections, the Court will not address the remainder of Defendants' objections separately.

Next, Defendants argue that the discovery requests with regard to Defendants Howerton and Bryant would only be "appropriate . . . [i]f, and when, Plaintiffs at the very least allege sufficient facts to state a cause of action for piercing the corporate veil." Opp'n at 10.  This argument, however, is one that Defendants could have raised in a motion to dismiss. No such motion has been filed and Defendants have instead filed answers to both the original and amended Complaints.  Once Defendants elected to answer the Complaints rather than file a motion to dismiss, Plaintiffs became entitled to discovery to prove their theory of the case.  See Koch v. Specialized Care Servs., Inc., 437 F. Supp. 2d 362, 390 (D. Md. 2005) (granting plaintiffs' motion to compel despite defendants' assertion that the subject of depositions were "improper topics" on the basis that "Plaintiffs must be allowed to develop their own case") (internal citations omitted).

Plaintiffs also assert that Defendants have not answered certain interrogatories with the specificity required.  After reviewing the Interrogatories and Defendants' answers, the Court must agree with Plaintiffs.  For example, in Interrogatory 4, Plaintiffs ask Defendants to identify individuals employed by Defendants and ask that Defendants give specific information about each of these employees including: (1) name; (2) job

title; (3) term of employment; (4) address; (5) telephone number; and (6) email address.  In response, Defendants point to documents which they have produced in response to Plaintiffs' discovery requests.  Ex. 3 at 7-8.  The documents, however, provide only the names of the employees, and none of the other identifying information requested in the Interrogatory.

Defendants' answers to Interrogatories 5, 11, and 13 follow the same general pattern.  Defendants answer each of these Interrogatories briefly, but fail to provide the details that would help Plaintiffs discover information relevant to this case.  Accordingly, the Court will order Defendants to provide answers in response to Interrogatories 4, 5, 11, and 13 with the specificity called for in those Interrogatories.

Finally, Plaintiffs request that Defendants turn over all responsive documents to which Defendants have not objected. Specifically, Defendants, in response to Plaintiffs' discovery requests 1, 3, 4, 11, and 12, stated that "[d]ocuments to the extent that they exist have been or will be produced when obtained and/or copying is complete." Ex. 4 at 5.  Defendants do not dispute the contention that they have not yet produced all responsive documents.  Thus, the Court will order Defendants to produce all documents which have not yet been produced and

which are responsive to discovery requests 1, 3, 4, 11, and 12 within ten days.

For the foregoing reasons, Plaintiffs' motion will be granted and Defendants' motion denied.  A separate order will issue.

_____/s/_____
William M. Nickerson
United States District Judge

Dated: August 18, 2009