```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

WASHINGTON, D.C. CEMENT       *
MASONS WELFARE FUND et al.    *
                              *
         v.                   *    Civil Action WMN-08-CV-3434
                              *
RAPID RESPONSE                *
CONSTRUCTION, INC. et al.     *

  *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Before the Court is Plaintiffs' Motion to Show Cause. Paper No. 34. The Motion is fully briefed. Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and the motion will be denied as moot. The Court will grant, however, Plaintiffs' request for reasonable attorney's fees related to this motion to show cause.

On June 16, 2009, Plaintiffs filed a motion to compel in this matter against Defendants. Paper No. 20. This Court granted that motion on August 18, 2009. Paper No. 31. The facts surrounding the Court's Order are found in the accompanying memorandum, Paper No. 30, and will not be recounted in full here. This Court ordered that Defendants provide complete answers and documents in response to Plaintiffs' Interrogatories and Document Requests by September 1, 2009. In this Court's Memorandum accompanying the Order, the Court also

1

specified that the Defendants were to produce all documents which had not yet been produced and which were responsive to document discovery requests 1, 3, 4, 11, and 12 within ten days of entry of the Order, August 28, 2009.

Plaintiffs are now again before this Court because of Defendants' failure to comply with the Court's Order. Defendants provided no responsive documents on August 28, 2009. When they finally responded on September 1, 2009, it was only to state as to document requests 1, 3, 4, 11, and 12, that they would "produce all non-privileged responsive documents that are reasonably within the scope of [the applicable] request at a mutually-agreeable time and place." Defendants provide no explanation as to why they did not provide these responses on August 28th. On September 1, Defendants also limited their supplemental interrogatory responses to Interrogatories 4, 5, 11, and 13, those which the Court had held required more specificity. They did not, however, respond to any other Interrogatories or provide documents responsive to any other document requests as directed by this Court. In particular, this Court held that the Defendants' objections as to Plaintiffs' Interrogatories and Document Requests had been waived and thus the Order required responses not only to the above enumerated Interrogatories and Document Requests needing

additional specificity, but to all the Interrogatories and Document Requests.

Plaintiffs informed Defendants' counsel of the deficiencies on September 2, 2009, and Defendants responded the next day asking for additional time to respond.  Plaintiffs agreed to an extension and Defendants subsequently supplemented their responses on September 8.  This current motion to show cause stems from Plaintiffs' contention that Defendants' responses continued to be deficient.  Subsequent to Plaintiffs filing their motion to show cause, Defendants agreed to produce, and finally did produce, several boxes of documents on September 24, 2009.

In response to a request from this Court, the Parties submitted a Joint Status Report in which the Plaintiffs stated that at this time they are unaware of any outstanding discovery deficiencies.[1]  Thus, Plaintiffs' motion to show cause will be denied as moot.

Plaintiffs also requested that this Court sanction Defendants and enter an award of attorney's fees in favor of the Plaintiffs.  Defendants argue that Plaintiffs are not entitled to attorney's fees as they contend that they complied with this

---

[1] Plaintiffs are continuing to examine the documents produced by Defendants, however, and will raise with the Court any deficiencies discovered only after attempting to resolve the deficiencies with Defendants.

Court's August 18th Order by supplementing their Interrogatory responses to Numbers 4, 5, 11, and 13 and by stating that they would provide documents for inspection and copying in response to document request numbers 1, 3, 4, 11, and 12.  The Court's order, however, specifically stated that they were to supplement <u>all</u> of their Interrogatory responses and Document Production requests by September 1, 2009.[2]  Defendants, therefore, did not comply fully (assuming that there are no further deficiencies) until September 24, – over three weeks after the deadline set by this Court and only after Plaintiffs filed their motion to show cause.  Moreover, Defendants provided their responses over four months after they were originally due and only after many good faith attempts by Plaintiffs to work with Defendants to obtain the discovery responses, after Plaintiffs filed two motions, and after Defendants failed to comply with this Court's order compelling discovery.

Rule 37(b)(2) provides that where a party "fails to obey an order to provide or permit discovery," "the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified

---

[2] In addition, this Court's opinion specified that the documents to be produced in response to Document request numbers 1, 3, 4, 11, and 12 were due on August 28, 2009.  Even if Defendants' responses on September 1 had been complete, they still would have been late.

or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).  See Novak v. Wolpoff & Abramson LLP, 536 F.3d 175 (2d Cir. 2008) (remanding for further explanation a district court order denying the defendant's motion for expenses filed in response to the plaintiff ignoring a court order to appear for a deposition when the court had said that it would award expenses during a hearing, but subsequently denied the motion without explanation).  See also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258 (1975) (noting the courts' inherent authority to impose attorney's fees for the "willful disobedience of a court order").  Here, Defendants failed to follow this Court's August 18, 2009, Order requiring it to supplement its discovery until three weeks after the deadline imposed by this Court and until after Plaintiffs filed a motion to show cause.  Defendants have provided no substantial justification for this failure or explained why an award of attorney's fees for Plaintiffs would be unjust.  Therefore, this Court will grant Plaintiffs' request for attorney's fees in relation to this Motion to Show Cause.

For the foregoing reasons, the Plaintiffs' motion to show cause will be denied as moot, but Plaintiffs' request for attorney's fees will be granted.  A separate order will issue.

```
                       _____/s/_____
                       William M. Nickerson
                       Senior United States District Judge
```

October 6, 2009